UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY MCEUEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:23-CV-1270 JSD |
| ) | |
| KELLY MORRISS, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of Missouri state prisoner Jeffrey McEuen's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (ECF No. 1). Because it appears the petition is time-barred and that petitioner has failed to exhaust his state remedies, the Court will order petitioner to show cause why this case should not be dismissed.

### Background

Petitioner challenges the October 13, 2016 judgment entered in *State v. Jeffrey M. McEuen*, No. 16AA-CR00167-01 (12th Jud. Cir. 2016). In that case, petitioner pleaded guilty to charges of victim tampering (Count 1) and violating an order of protection (Count 2). On October 5, 2016, the Montgomery County Circuit Court sentenced petitioner to seven-years' imprisonment for Count 1, to run consecutively with the seven-year sentence imposed in *State v. Jeffrey M. McEuen*, No. 16AA-CR00119-01 (12th Jud. Cir. 2016). For Count 2, the court sentenced petitioner to 90 days in the Montgomery County Jail. The court suspended execution of petitioner's sentence for Count 1 and placed petitioner on probation. Petitioner did not seek direct review of his sentence or judgment. On September 5, 2018, having determined that petitioner violated the terms of his probation, the court revoked the same and executed his term of imprisonment. Petitioner did not

seek review of his probation revocation. He is currently incarcerated at the Algoa Correction Center in Jefferson City, Missouri.

On January 28, 2019, petitioner filed a motion for post-conviction relief under Missouri Supreme Court Rule 24.035 with the Montgomery County Circuit Court. *See Jeffrey M. McEuen v. State of Missouri*, No. 19AA-CC00008 (12th Jud. Cir. 2019). The state court denied the motion on March 3, 2022 and petitioner appealed. *See Jeffrey McEuen v. State of Missouri*, No. ED110473 (Mo. Ct. App. 2022). The Missouri Court of Appeals affirmed the denial on March 21, 2023.[1] Petitioner filed the instant petition on September 19, 2023. (ECF No. 1).

## Discussion

**I.  Timeliness**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Under 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] The information in this section comes from Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (stating that a district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

2

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Nothing in the petition suggests that subsections (B), (C), or (D) apply in this case. The Court will therefore consider whether petitioner timely filed his petition under § 2244(d)(1)(A).

Petitioner challenges the October 5, 2016 judgment in *State v. Jeffrey M. McEuen*, No. 16AA-CR00167-01 (12th Jud. Cir. 2016).[2] A judgment becomes final for the purposes of § 2244(d)(1)(A) upon the conclusion of direct review, or upon the expiration of the time for seeking review in the state's highest court. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Because petitioner did not seek direct review, judgment became final for purposes of the federal habeas statute on October 15, 2016, the date upon which the time for seeking direct review expired. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); Mo. S. Ct. R. 81.04(a) (establishing a ten-day deadline for filing a notice of appeal). Thus, petitioner had until October 15, 2017 to seek relief under 28 U.S.C. § 2254. Petitioner did not file the instant petition until September 19, 2023—more than six years after the judgment became final. Thus, it appears the petition is untimely.

---

[2] Petitioner states that the Montgomery County Circuit Court entered judgment on October 3, 2016. (ECF No. 1). Case.net reflects a judgment date of October 5, 2016. Petitioner also provides a sentencing date of August 13, 2023. (ECF No. 1). Case.net shows that the state court initially sentenced petitioner on October 5, 2016 and revoked petitioner's probation on September 5, 2018. The Court is unaware of the basis for petitioner's August 13, 2023 sentencing date.

3

Petitioner is also time-barred from challenging the September 5, 2018 judgment that revoked his probation and reinstated his seven-year term of imprisonment. For the purposes of 28 U.S.C. § 2244(d)(1)(A), a probation revocation order becomes final when entered because it is not subject to direct appeal. *See Davis v. Purkett*, 296 F. Supp. 2d 1027 (E.D. Mo. 2003) (concluding that the petitioner's probation revocation was "final" for purposes of § 2244(d)(1)(A) on the day it was entered because direct review was unavailable). Thus, petitioner had until September 5, 2019 to seek relief under § 2254. Thus, it appears the petition is also untimely as petitioner's probation revocation.

Petitioner's January 28, 2019 post-conviction motion does not affect the Court's analysis. *See Jeffrey M. McEuen v. State of Missouri*, No. 19AA-CC00008 (12th Jud. Cir. 2019). Such a motion creates no tolling effect when filed after the expiration of the limitations period. *See Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (pendency of state post-conviction proceeding cannot have a tolling effect if it was filed after the expiration of the limitations period); *see also Lewis v. Norris*, 454 F.3d 778, 780, (8th Cir. 2006) (same, even where state court addresses an untimely motion on the merits).

**II. Exhaustion of State Remedies**

A petitioner in state custody seeking relief under 28 U.S.C. § 2254 must first exhaust available state remedies before pursuing federal habeas relief. *Wayne v. Missouri Bd. of Prob. & Parole*, 83 F.3d 994, 996 (8th Cir. 1996); s*ee also White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981) ("It is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court."). This provides the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

4

The exhaustion requirement also prevents disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 517 (1982).

To exhaust state remedies, a petitioner must fairly present his claims in each appropriate state court. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015); s*ee also Randolph v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002) (stating that petitioner "must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the state's established appellate review process"); *Wayne*, 83 F.3d at 998 ("All that is required to satisfy the exhaustion requirement is that the federal claims be fairly presented to the state courts in one full round of litigation."). This requires the petitioner to submit the facts and the substance of his federal habeas claim to the state court. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996). Specifically, "to satisfy the 'fairly presented' requirement, a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Barrett v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999). "It follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).

A probation revocation in Missouri state court "is not directly appealable." *See State ex rel. Snider v. Flynn*, 926 S.W.2d 891, 894-95 (Mo. App. 1996). Even so, a probation revocation "may be reviewed by filing a writ of habeas corpus." *Winegar v. State*, 967 S.W.2d 265, 266 (Mo. App. 1998); s*ee also Teter v. State*, 893 S.W.2d 405, 406 (Mo. App. 1995) (explaining that the "proper remedy" to challenge "the legality of a probation revocation is . . . habeas corpus"). Thus, to exhaust state remedies relating to a probation revocation, a petitioner must file a petition for writ of habeas corpus under Missouri Supreme Court Rule 91 in the circuit court of the county where he is in custody. *Romano v. Wyrick*, 681 F.2d 555, 556-57 (8th Cir. 1982); Mo. S. Ct. R. 91.01(a).

5

If denied, the petitioner may then file "a petition for habeas corpus in a Missouri appellate court." *Romano*, 681 F.2d at 556-57; *Upchurch v. Redington*, 2018 WL 6046411, at *2 (E.D. Mo. 2018).

A review of the petition and Case.net indicates that petitioner has not filed a writ of habeas corpus under Rule 91 to challenge his probation revocation.[3] Therefore, to the extent petition challenges his probation revocation, it appears he has not exhausted his state remedies.

## Conclusion

For the foregoing reasons, the Court will order petitioner to show cause why the Court should not dismiss his petition. (ECF No. 1). *See Day v. McDonough*, 547 U.S. 198, (2006) (stating that a district court must, before *sua sponte* dismissing a habeas petition as time-barred, give a petitioner due notice and a fair opportunity to show why the petition should not be dismissed).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause in writing, **no later than thirty (30) days from the date of this Order**, why this action should not be dismissed as time-barred and for petitioner's failure to exhaust his state remedies.

Petitioner's failure to timely comply with this Order may result in the dismissal of this case without prejudice and without further notice to petitioner.

_____
**JOSEPH S. DUEKER**
**UNITED STATES MAGISTRATE JUDGE**

Dated this 14th day of February, 2024.

---

[3] The Court notes that there is no time limit for a Rule 91 state habeas petition. *See Davis,* 296 F. Supp. 2d at 1030.